**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN A. R., | No. 1:26-cv-02184 JLT SKO (HC) |
| Petitioner, | A-Number: 246-057-178 |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART (Doc. 9) |
| TIMOTHY S. ROBBINS, et al., | |
| Respondents. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE BOND HEARING, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Martin A. R. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 3, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition. (Doc. 9.) The Court served the Findings and Recommendations on all parties, notified them that any objections were due within 10 days, and advised them that failure to timely file objections may result in the waiver of rights on appeal. (Doc. 9 at 2, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014).) On April 14, 2026, Respondents filed objections.

1

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis in part. The Court concurs with the magistrate judge that the petition should be granted, though clarifies the exact reasoning as follows. The undisputed record evidence suggests that Petitioner entered the United States without inspection in December 2004. (Doc. 1, ¶ 1.) There is no mention of him ever having any interaction with immigration authorities prior to his arrest in December 2025. These circumstances are materially indistinguishable from other cases in which this Court has granted habeas relief to individuals who have resided in the United States for various periods of time without ever interacting with immigration officials prior to their challenged detention. *R.P.V. v. Wofford*, No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Lopez v. Chestnut*, No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887, at *1 (E.D. Cal. Mar. 6, 2026).

Relatedly, because Petitioner has not yet been formally evaluated by any immigration authority regarding his flight risk or danger to the community, the Court also departs as to the appropriate remedy. For this reason, the Court concludes that the appropriate remedy is a substantive bond hearing.

Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 3, 2026, (Doc. 9), are **ADOPTED** in part.

2. The petition for writ of habeas corpus is **GRANTED**.

3. Respondents are **ORDERED** to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within **14 days** of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

4. If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

///

5.      The Clerk of the Court is **DIRECTED** to enter judgment in favor of Petitioner and close this case.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **April 16, 2026**

UNITED STATES DISTRICT JUDGE

3